UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA FRECHETTE,

    Plaintiff,

v.                                                   CASE NO. 8:19-cv-37-T-23JSS

NATIONAL CREDIT
SYSTEMS, INC., et al.,

    Defendants.
_____/

## **ORDER**

In this action, the plaintiff and National Credit Systems, Inc. (NCS) settle, and NCS agrees to pay the plaintiff's reasonable attorney's fee and costs. However, the parties dispute what constitutes a "reasonable" attorney's fee. Accordingly, the plaintiff requests (Doc. 51) a judicially determined attorney's fee and appends in support a sworn declaration, time sheets specifying the time and cost of litigation, and a fee survey report.[*] The plaintiff's attorney reports that he "billed a total of 47.5 hours . . . at a rate of $350[ per] hour," which, according to the lodestar method, entitles the plaintiff's attorney to a $16,625.00 fee. (Doc. 51 at 2)

---

[*] Also, the plaintiff moves to recover the costs of litigation and reports that the "reasonable costs in this action total $465.00." (Doc. 51 at 4) NCS acquiesces to these costs. (Doc. 53 at 2)

Opposing the proposed attorney's fee, NCS argues that "[a] review of the billing in this matter reveals that the amounts that Plaintiff's counsel attempts to pass off to NCS is entirely out of proportion." (Doc. 53 at 6) NCS argues that the plaintiff's attorney's hourly rate is "unreasonably high" and that "many of the entries appear to be duplicative or attributable to other co-defendants." (Doc. 53 at 2)

In a well-reasoned report, the magistrate judge recommends (Doc. 66) granting in part the plaintiff's motion but reducing both the attorney's hours and his hourly rate. The magistrate judge reasons:

> Plaintiff is entitled to her reasonable attorney's fees and costs in litigating the FCRA, FDCPA, and FCCPA claims against NCS. However, . . . the Court must reduce the hours requested by Plaintiff to account for time that is attributable to the TCPA claim. In addition, . . . the Court must also reduce the hours requested by Plaintiff to account for time that is attributable to the claims against the codefendants. (Doc. 66 at 4)

In support of a reduced hourly rate, the report argues (1) that the plaintiff's attorney's affidavit "is not satisfactory evidence of the prevailing hourly rates in this District"; (2) that "courts in this District have found frequently the fee survey report unhelpful" to determine the proper hourly rate; (3) that "this was a straightforward case"; and (4) that "no exceptional experience or skill was required in this case." (Doc. 66 at 5–7) Therefore, the magistrate judge suggests that "an hourly rate of $300.00 for counsel is reasonable under the circumstances." (Doc. 66 at 7)

Regarding time worked, the magistrate judge argues that "the hours claimed include[ ] time attributable to claims against the codefendants." (Doc. 66 at 9) Also,

the report observes that the plaintiff's "records do not specify whether the hours claimed exclude time spent on the TCPA claim." (Doc. 66 at 4)  Thus, the report asserts that an "across-the-board reduction of the hours is appropriate."  (Doc. 66 at 9)  Specifically, the magistrate judge advocates a fifteen percent reduction in the plaintiff's attorney's compensable time.

Employing the lodestar method, the magistrate judge states that the plaintiff's attorney is entitled to a $12,112.50 attorney's fee (as well as costs of $465.00).  The magistrate judge's report is well-reasoned, legally sound, and thoughtfully calculated.  Also, no objection to the report appears.  Accordingly, the magistrate judge's report and recommendation (Doc. 66) is **ADOPTED**, and the motion (Doc. 51) for an attorney's fee is **GRANTED-IN-PART** and **DENIED-IN-PART**.  The plaintiff's attorney is **AWARDED** an attorney's fee of $12,112.50 and costs of $465.00.  NCS must pay the plaintiff's attorney accordingly.

ORDERED in Tampa, Florida, on July 7, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE